Hall, J.
If a landlord seeks to enforce by foreclosure a special lien on the crop grown on the rented premises, it is necessary to allege a demand and refusal to pay the rent; but where a landlord merely proceeds-to acquire a general lien by the issuance and levy of a distress warrant on any property belonging to the defendant, such an averment is not necessary. Code, §§1977, 1991, 2285, 2286, 4082.
(a) An affidavit to obtain a distress warrant alleged the indebtedness for the rent of the premises; that it was to be paid in cotton; that cotton was made on the land in the year for which the rent accrued and on which the defendant lived in that year; and that the sum agreed to-be paid “is now due.” The warrant commanded the officer executing, it “to levy on and sell, as provided by law, a sufficiency of the property” of the defendant to make the sum claimed, together with -costs. The-levy was upon seed cotton gathered and cotton and corn in the field1 cultivated that year by the defendant, all seized as his property:
Held, that this was. a proceeding to enforce a general lien on the-defendants property and not to enforce a landlords special lien on the crops raised that year; and it should not have been dismissed for want of an averment of demand and refusal to pay. 65 Ga., 739; Code, §1977;. 55 Ga., 655; 57 Id., 31.
(a) It does not follow from §1977 of the Code that one having, as a landlord, a right to rent, which may be either a special or a general lien, is obliged to adopt the remedy for the enforcement of the former in preference to that given to enforce the latter, or that, where he has- *287 two demands for rent, one a special and the other a general lien, he may not include and enforce both in one distress warrant. He is not compelled, but has the option, to do so.
John H. Skelton; John P. Shannon, for plaintff in error.
McCurry & Proffit, by brief, for defendant.
(b) The case of Lathrop & Co , as. Clewis, 63 Ga., 282, is not analogous to the present case.
Judgment reversed.